B1 (Official Form 1)(04/13)

# United States Bankruptcy Court
## Northern District of Illinois

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Harris, Jacob W** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Harris, Emma B** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5967** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5513** |
| Street Address of Debtor (No. and Street, City, and State):<br>**416 Edward St**<br>**Sycamore, IL**<br>ZIP Code **60178-2118** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**416 Edward St**<br>**Sycamore, IL**<br>ZIP Code **60178-2118** |
| County of Residence or of the Principal Place of Business:<br>**DeKalb** | County of Residence or of the Principal Place of Business:<br>**DeKalb** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☐ Full Filing Fee attached
- ■ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Harris, Jacob W**<br>**Harris, Emma B** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** **/s/ Stephen A. Clark**          **June 28, 2013**<br>Signature of Attorney for Debtor(s)          (Date)<br>**Stephen A. Clark 6296092** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | **Harris, Jacob W**<br>**Harris, Emma B** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X /s/ Jacob W Harris**
Signature of Debtor  **Jacob W Harris**

**X /s/ Emma B Harris**
Signature of Joint Debtor **Emma B Harris**

Telephone Number (If not represented by attorney)

**June 28, 2013**
Date

### Signature of Attorney*

**X /s/ Stephen A. Clark**
Signature of Attorney for Debtor(s)

**Stephen A. Clark 6296092**
Printed Name of Attorney for Debtor(s)

**Stephen A. Clark, Attorney at Law**
Firm Name

**711 N 1st St**
**DeKalb, IL 60115-2365**

Address

**Email: sc@clarkbklaw.com**
**815-766-2160  Fax: 888-388-5154**
Telephone Number

**June 28, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois

In re   **Jacob W Harris**
        **Emma B Harris**                                                    Case No.
                                        Debtor(s)                            Chapter    **7**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont. Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Jacob W Harris**
                          **Jacob W Harris**

Date:    **June 28, 2013**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Jacob W Harris**
**Emma B Harris**
                              Debtor(s)

Case No.
Chapter   **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont. Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Emma B Harris**
**Emma B Harris**

Date: **June 28, 2013**

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Jacob W Harris**
      **Emma B Harris**
                                                    Debtor(s)

Case No.

Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **440.00** |
   | Prior to the filing of this statement I have received | $ **440.00** |
   | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **June 28, 2013**

/s/ Stephen A. Clark
**Stephen A. Clark 6296092**
**Stephen A. Clark, Attorney at Law**
**711 N 1st St**
**DeKalb, IL 60115-2365**
**815-766-2160  Fax: 888-388-5154**
**sc@clarkbklaw.com**

# RETAINER AGREEMENT
THIS RETAINER AGREEMENT IS MADE BY AND BETWEEN

Stephen A. Clark, Attorney at Law
711 N. 1st St.
DeKalb, IL 60115-2365
E-mail: sc@clarkbklaw.com

(Hereinafter referred to as "**Attorney**," and;)

Jacob W. Harris & Emma B. Harris
416 Edward St.
Sycamore, IL 60178-2118

(Hereinafter referred to as "**Client**.")

Collectively, Attorney and Client are hereinafter referred to as the "**Parties**."

## WITNESSETH

WHEREAS, Attorney has expertise in the representation of clients in bankruptcy matters and associated proceedings related thereto; and

WHEREAS, Client require the filing of a personal bankruptcy petition; and

WHEREAS, Client desires to retain Attorney to represent him/her with respect to Client's personal bankruptcy matters and to provide such services as an independent contractor, and Attorney is agreeable to such a relationship and/or arrangement, and the Parties desire a written document formalizing and defining their relationship and evidencing the terms of their agreement; and

THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, it is agreed as follows:

1. **Appointment**: Client hereby appoints Attorney as his/her counsel and hereby retains and employs Attorney upon the terms and conditions of this Agreement.

2. **Engagement**: Attorney hereby accepts said Retainer Agreement and agrees to represent Client upon the terms and conditions of this Agreement.

3. **Authority and Description of Services**: During the term of this Agreement Attorney shall provide such professional services and advice in connection with such matters as are specifically requested by Client, or as in the professional judgment of Attorney are reasonably necessary.

4. **Term of Agreement**: This Agreement shall become effective upon execution hereof and shall continue thereafter and remain in effect until the resolution of the case, or until the earlier termination by one of the Parties as provided herein.

5. **Advance Payment Retainer**:

a. Attorney shall not be obligated to provide the services described herein until an advance payment retainer in the amount of **$440.00** is received.

b. The retainer to be paid under this Agreement is called an advance payment retainer. An advance payment retainer becomes the property of the attorney upon receipt. An advance payment retainer is not deposited in the attorney's trust account but is deposited in the attorney's general account. Services provided by Attorney and costs and expenses incurred in the defense of the case will be charged against the retainer as they are performed or incurred, or as otherwise set forth in this Agreement. On a periodic basis Attorney will render bills to Client

showing the amount drawn against the retainer for services rendered and costs and expenses incurred. At the conclusion of the case or earlier termination of this Agreement any surplus of the retainer remaining will be refunded to Client. Attorney has chosen an advance payment retainer in this agreement because Client is a defendant or potentially a defendant in numerous pending and potential lawsuits and in the entry of an adverse judgment, the balance of the retainer would otherwise be subject to the remedies for collection available to the plaintiff.

c. Another type of retainer is called a security retainer. A security retainer remains the property of the client and is required to be deposited in the attorney's trust account. On a periodic basis the attorney renders bills to the client showing the amount due for services rendered and costs and expenses incurred. In the absence of an objection from the client the attorney may draw against the security retainer. At the conclusion of the case or earlier termination of the Attorney-Client relationship, the amount of the security retainer remaining in the trust account will be refunded to the client.

d. Client has the option to decline to pay an advanced payment retainer and insist upon the use of a security retainer. In that event, however, Attorney retains the right to decline the representation of Client and in that case this Agreement shall be immediately terminated and neither of the Parties shall have any further rights against or obligations to the other.

e. Attorney shall provide Client with basic services in connection with Client's Chapter 7 bankruptcy. Basic services include, but are not limited to (1) Review and analyze Client's financial circumstances based on information provided by Client; (2) If possible and to the extent possible, based on the information provided by Client, advise Client of the Client's pre-filing options, including but not limited to bankruptcy options. (3) Inform Client what information Client needs to provide Attorney in order to allow Attorney to provide appropriate advice and option information, in the event such information Client provided is insufficient. (4) Advise Client of the appropriate requirements in connection with the filing of a Chapter 7 or Chapter 13 bankruptcy, including the duties of Client connected with such filing. (5) Preparation and filing of the petition, schedules and statements. (6) Assuming that a U.S. Bankruptcy proceeding is filed, Attorney services will include all typical Attorney participation required in such proceeding, including but not limited to, appearances at Court hearings, representation at the meeting of creditors, preparation of legal memoranda, communication with opposing counsel and parties, and submitting information pursuant to requests from the trustee, and other routine services not specifically stated. (7) Take creditor calls both pre-filing and post-filing. (8) If Client's proceeding requires additional, but not customary work, Attorney will inform Client directly, and enter into a separate written contract for such services to fully apprise Client of the fees, payment requirements, and expected services to be provided.

f. Parties agree that the following matters are not included within the scope of this Retainer Agreement. Client agrees that, as to the matters listed below, the Attorney will not take action for Client, without a separate Retainer Agreement and payment of an additional advance payment retainer. (1) Motions to Revoke a Discharge. (2) Removal of a pending action in another court. (3) Obtaining title reports. (4) The determination of real estate or tax liens. (5) Appeals to Bankruptcy Appellate Panel, District Court, or Court of Appeals. (6) Correcting credit reports. (7) Negotiations with Check Systems regarding Client. (8) Any adversary proceeding filed by the local panel interim trustee, U.S. Trustee, or any other party on any basis, including, without limitations, proceedings to determine dischargability of debts, such as those proceedings filed under 11 U.S.C. §§ 523 and 727. (9) Redemption and replacement loan review and motions, and related work pursuant to §722. (10) Client agrees that preparation of amendments to schedules incurring a court filing fee and delays caused by Client's failure to appear at the Meeting of Creditors are also non-basic services.

6. **Duties of Client:** The duties of Client are as follows:

a. Client shall supply Attorney on a regular and timely basis with all information and documents relevant to the issues in the case, or requested by Attorney, or responsive to any discovery initiated in the case.

b. Client shall be responsible for advising Attorney of any information or documents that would affect the accuracy of any prior information given to Attorney.

c. Client shall make herself/himself available for a deposition or examination in the case, if requested.

d. Client shall assist in any negotiations for settlement of the case.

e. Because Attorney shall rely on such information to be supplied by Client, all such information shall be true, accurate, complete, and not misleading, in all respects.

f. Client shall keep herself/himself advised of the progress of the case and shall act diligently and promptly in reviewing materials submitted to her/him by Attorney and shall inform Attorney of any inaccuracies contained therein or objections thereto within a reasonable time so as to enable Attorney to make any corrections.

g. Client shall otherwise cooperate fully and timely with Attorney to enable Attorney to perform its duties and obligations under this Agreement.

**7. Compensation, Billing, and Payment**: Attorney shall be compensated for services hereunder at the rate of $145.00 per hour for pre-bankruptcy services to Client. If a Chapter 7 bankruptcy is filed for Client, Attorney shall be paid a flat fee of **$440.00** for services rendered in connection therewith. In addition to the above amounts, Attorney shall be reimbursed for all reasonable and necessary costs (including $306.00 case filing fee or Client will pay filing fee in installments directly to the Clerk of the Court or apply for a waiver of the filing fee) and expenses (including $53.00 credit report fee and $17.00 property value report, if necessary) advanced on behalf of Client. On a quarterly basis, or more frequently in the discretion of Attorney, Attorney shall render bills to Client showing the amount earned against the amount of any remaining retainer with the balance due and payable by Client within thirty (30) days of the date of the bill. Any amount remaining unpaid after thirty (30) days shall bear simple interest at a rate of eighteen (18%) per annum. Attorney has a policy that in the event a payment is not made on the date due, then in that event work may be suspended, without notice, until such a time as arrangements have been made for payment.

**8. Termination of Agreement**: This Agreement may be terminated by either party prior to the conclusion of the case by written notice to the other. It is specifically agreed that in the event the Client fails or refuses to cooperate with Attorney or fails or refuses to make timely payment of the compensation set forth in this agreement, Attorney shall have the right to suspend any further performance under this agreement until such time as payment is made, or upon notice to Client, terminate this Agreement and withdraw from the case. In such event all compensation shall become immediately due and payable.

**9. Notices**: Notice hereunder may be written or oral and if written, shall be addressed to the party at the address shown above or at such address as the party may designate and may be given in person or by first class mail, postage prepaid, facsimile, or email. Notice in person, by facsimile, or by email shall be effective immediately. Notice by first class mail, postage prepaid, shall be effective three (3) days after mailing.

**10. Default**: In the event Client fails to pay any amount due to Attorney hereunder, Attorney shall be entitled in any action brought to enforce this Agreement to recover all costs and expenses incurred, including reasonable attorney fees.

**11. Return or Records**: Upon termination of this Agreement, Attorney, shall make available to Client all items that are in the control of Attorney that are property of or relate to the case, except that the Attorney may retain copies of anything returned to Client.

**12. Disclaimer by Attorney**: Attorney makes no representation to Client or others with respect to the results to be achieved in the case.

**13. Ownership of Materials**: All right, title, and interest in and to materials to be produced by Attorney in connection with this Agreement and other services to be rendered under said Agreement shall be and remain the sole and exclusive property of Attorney, except in the event Client performs fully and timely its obligations hereunder Client shall be entitled to receive, upon request, one copy of all such materials, and shall be entitled to the non-exclusive rights to use all such materials.

**14. Miscellaneous**:

a. Time is hereby made of the essence of this Agreement with respect to the performance by the parties of their respective obligations hereunder.

b. This Agreement contains the entire agreement of the parties. It is declared by the Parties that there are no other oral or written agreements or understanding between them affecting this Agreement or relating to the business of Attorney. This Agreement supersedes all previous agreements between Attorney and Client.

c. This Agreement may be modified or amended provided such modifications or amendments are mutually agreed upon by the Parties and that said modifications or amendments are made only by an instrument in writing signed by the Parties or an oral agreement to the extent that the parties carry it out.

d. The failure of either party, at any time to require such performance by any other party shall not be constructed as a waiver of such right to require such performance, and shall in no way affect such party's right to require such performance and shall in no way affect such party's right subsequently to require a full performance hereunder.

e. THIS AGREEMENT IS EXECUTED PURSUANT TO AND SHALL BE INTERPRETED AND GOVERNED FOR ALL PURPOSES BY THE LAWS OF THE STATE OF ILLINOIS. ANY ACTION BROUGHT UNDER THIS AGREEMENT SHALL BE BROUGHT IN AND ONLY IN THE CIRCUIT COURT OF DEKALB COUNTY, ILLINOIS AND THE PARTIES WAIVE ANY OBJECTION TO JURISDICTION OR VENUE IN SUCH COURT.

f. If any provision of this Agreement shall be held to be contrary to law, void, invalid or unenforceable for any reason, such provision shall be deemed severed from this Agreement and the remaining provisions of this Agreement shall continue to be valid and enforceable. If a Court finds that any provision of this Agreement is contrary to law, void, invalid of unenforceable and that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

g. This Agreement may be executed in counterparts, notwithstanding the date or dates upon which this Agreement is executed and delivered by any of the parties, and shall be deemed to be an original and all of which shall constitute one agreement effective as of the reference date first written below. An executed faxed copy of this Agreement shall be construed by all parties hereto as an original version of the Agreement.

h. CO-COUNSEL: Client authorizes Attorney to hire co-counsel or independent attorneys as needed, at Attorney's expense, to work on this matter and divide fees with them on the basis of work and responsibility. Client authorizes Attorney, at its discretion, to have attorneys within the firm, or outside counsel, review Client's file to explore other potential causes of action Client may have against creditors.

i. RECEIPT OF MANDATORY NOTICE AND DISCLOSURE: The Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005 requires Attorney to provide mandatory notices/disclosures to Client. Signatures on this contract shall be acknowledgment by Client that Client has received, read, and understood the two (2) separate documents entitled "§527(a) Notice," and "Important Information About Bankruptcy Assistance Services From An Attorney or Bankruptcy Petition Preparer."

IN WITNESS THEREOF, THE PARTIES hereto have set forth hands and seal in execution of this Agreement on: 22 June 2013.

_____                      _____
JACOB W. HARRIS                                 STEPHEN A. CLARK, ATTORNEY AT LAW

_____
EMMA B. HARRIS

```
Applied Card Bank
Attention: Bankruptcy
Po Box 17125
Wilmington, DE 19850


Blatt Hasenmiller Leibsker & Moore
PO Box 489
Normal, IL 61761-0489


Blitt & Gaines PC
661 Glenn Ave
Wheeling, IL 60090


Capital 1 Bank
Attn: Bankruptcy Dept.
Po Box 30285
Salt Lake City, UT 84130


Choice Recovery
1550 Old Henderson Rd St
Columbus, OH 43220


Codilis & Associates PC
15W030 N Frontage Rd
Ste 100
Willowbrook, IL 60527


Credit Collections Svc
Po Box 773
Needham, MA 02494


Credit Management Lp
4200 International Pkwy
Carrollton, TX 75007


Creditors Protection S
Po Box 4115
Rockford, IL 61101


Enhanced Recovery Corp
Attention: Client Services
8014 Bayberry Rd
Jacksonville, FL 32256
```

```
Gmac Mort.
Po Box 4622
Waterloo, IA 50704


Ill Comm Cu
508 West State St
Sycamore, IL 60178


JEFFREY L LEWIS ESQ
KLEIN STODDARD BUCK & LEWIS
2045 ABERDEEN CT STE A
Sycamore, IL 60178-3140


Lvnv Funding Llc
Po Box 10497
Greenville, SC 29603


Merrick Bk
Attn: Bankruptcy
P.O. Box 9201
Old Bethpage, NY 11804


Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123


Midwest Title Loans, Inc
224 E North Ave
Northlake, IL 60164-2525


Mutual Management
Po Box 477
Rockford, IL 61110


Nicor
Attn: Bankruptcy & Collections
PO Box 549
Aurora, IL 60507


Ntlbk Sycmre
230 West State Street
Sycamore, IL 60178
```

```
Osi Collect
507 Prudential Rd.
Horsham, PA 19044


Portfolio Recovery
Attn: Bankruptcy
Po Box 41067
Norfolk, VA 23541


R & B Receivables Mana
860 S Northpoint Blvd
Waukegan, IL 60085


Rockford Mercantile
2502 S. Alpine Rd
Rockford, IL 61108


Rrca Acct Mgmt
201 E 3rd St
Sterling, IL 61081


Steven J Fink and Assoc PC
25 E Washington St Ste 1233
Chicago, IL 60602-1876


The Cash Store #311
1520 Sycamore Rd
DeKalb, IL 60115-2032


World Finance Corp
World Acceptance Corp/Attn Bankruptcy
Po Box 6429
Greenville, SC 29606
```